UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BANKERS HEALTHCARE GROUP, LLC,

                Plaintiff,

v.                                                                          5:23-CV-1458
                                                                            (GTS/TWD)
GOLDSOL, INC.; and BRENDA CRIMI,

                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BYRNE, COSTELLO & PICKARD, P.C.<br>   Counsel for Plaintiff<br>Tower I, Suite 1600<br>100 Madison Street<br>Syracuse, New York 13202 | JORDAN R. PAVLUS, ESQ. |
| JABURG & WILK, P.C.<br>   Counsel for Defendants<br>3200 North Central Avenue, Suite 2000<br>Phoenix, Arizona 85012 | MARIA CRIMI SPETH, ESQ. |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this breach of contract action filed by Bankers Healthcare Group, LLC ("Plaintiff") against Goldsol, Inc. and Brenda Crimi ("Defendants"), is Plaintiff's motion to remand the action to state court. (Dkt. No. 10, Attach. 1.) For the reasons that follow, Plaintiff's motion is granted.

1

I.   **BACKGROUND**

A.   **Relevant Procedural Background**

On October 23, 2023, Plaintiff filed its Complaint in New York State Supreme Court, Onondaga County against Defendants. (Dkt. No. 2, Attach. 1; Dkt. No. 1, Attach. 2, at 16 [Verification]; Dkt. No. 10, Attach. 2, at ¶ 3 [Pavlus Affid.].) On November 20, 2023, Defendant removed this action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 1367. (Dkt. No. 1, Attach. 1.) On November 27, 2023, Defendants filed their Answer to Plaintiff's Complaint. (Dkt. No. 6.) On December 15, 2023, Plaintiff filed a motion to remand this action back to New York State Supreme Court on the ground that removal was not proper under 28 U.S.C. § 1447(c). (Dkt. No. 10, Attach. 1.)

B.   **Parties' Briefing on Plaintiff's Motion**

1.   **Plaintiff's Memorandum of Law-in Chief**

Generally, in support of its motion to remand this case to state court, Plaintiff asserts two arguments. (Dkt. No. 10, Attach. 1.) First, Plaintiff argues, in removing the action to this Court, Defendants ignored the plain language of what Plaintiff calls the mandatory "forum selection clause" contained in the parties' freely agreed-upon Financing Agreement, pursuant to which, once Plaintiff exercised its sole discretion to bring this action in New York State court, Defendants explicitly waived their right to change venue, and that court became the only proper forum for the action. (*Id*. at 1-7.) Plaintiff further argues that, under the well-established law of this Circuit, there is a "strong policy" of enforcing freely agreed-upon forum selection clauses. (*Id.* at 5.)

Second, Plaintiff argues, indeed, in removing the action to this Court, Defendants ignored the clear and explicit language in the Financing Agreement that precludes removal to federal

2

court.  (*Id*. [arguing, "Not only do defendants ignore the forum selection clause, they failed to reference the very clear and explicit language in the Financing Agreement which precludes the removal of this action to this Honorable Court."].)

### 2. Defendants' Opposition Memorandum of Law

Generally, in their opposition to Plaintiff's motion to remand, Defendants assert two arguments.  (Dkt. No. 12, at 1-4.)   First, Defendants argue, their purported waiver of their statutory right to remove this case to federal court was not clear and unequivocal, as it must be. (*Id*.)   Rather, Defendants argue, in addition to the fact that the forum selection clause was part of an impermissible adhesion contract that was drafted by Plaintiff (and thus must be construed against Plaintiff), the clause never even expressly mentioned Defendants' statutory right to have the case decided by a federal court.  (*Id*. at 2-4.)

Second, and relatedly, Defendants argue that their removal of this case to federal court has not deprived Plaintiff of its choice of venue because (even after being removed) this case is still pending in a forum located within Plaintiff's chosen venue, Onondaga County, New York. (*Id*.)   Defendants also argue that Plaintiff incorrectly assumes that the term "venue" means a federal or state court rather than a geographic location.   (*Id*. at 2.)

### 3. Plaintiff's Reply Memorandum of Law

Generally, in its reply to Defendants' opposition, Plaintiff reasserts the arguments made in its motion to remand and adds the following two points.  (Dkt. No. 13.)   First, Plaintiff argues, in reply to Defendants' argument that the forum selection clause should not be enforced, such a clause must be enforced unless the party opposing it has clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching. (*Id*. at 5-6.)   Here, Plaintiff argues, Defendants are sophisticated parties who, in a commercial

3

context, negotiated the terms of the Financing Agreement to which they agreed. (*Id*. at 7.) Furthermore, Defendants have not argued that they never read or signed the agreement. (*Id*.)

Second, Plaintiff argues, Defendants cite an inapposite case in support of their argument that Plaintiff possesses only the authority to determine the geographical venue of proceedings (*Yakin v. Tyler Hill Corp*., 566 F.3d 72 [2d Cir. 2009]). (*Id.* at 8.) In *Yakin*, Plaintiff argues, the agreement simply stated in which county the action must be heard; here, unlike in *Yakin*, Plaintiff argues, the agreement gives it the sole discretion to determine what court shall hear this action within Onondaga County. (*Id*.) Further, Plaintiff argues, here, unlike in *Yakin*, Defendants explicitly waived their right to remove the action to federal court. (*Id*.)

## II. RELEVANT LEGAL STANDARD

"If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Alternatively, the Court may remand the case "on the basis of any defect other than lack of subject matter jurisdiction." *Id*.

## III. DISCUSSION

After carefully considering the matter, the Court grants Plaintiff's motion for the reasons stated in its memoranda of law. (Dkt. No. 10, Attach. 1;Dkt. No. 13, Attach. 1.) To those reasons, the Court adds the following analysis (which is intended to supplement, and not supplant, those reasons).

### A. Defendants Explicitly Waived Their Right to Remove This Action to Federal Court

As a threshold matter, the Court finds that, irrespective of any forum selection clause,

4

Defendants explicitly waived their right to remove this action to federal court by agreeing to the following language (in both the Security Agreement section and Personal Guaranty section) in the Financing Agreement: "[DEBTOR OR GUARANTOR] FURTHER WAIVES ANY RIGHT TO REMOVE ANY STATE COURT ACTION TO FEDERAL COURT."  (Dkt. No. 10, Attach. 4, at 19-20 [capitalization in original].)

Granted, "[t]he waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal."  *Cronin v. Family Educ. Co.*, 105 F. Supp. 2d 136, 137-138 (E.D.N.Y. 2000).  However, district courts in this Circuit have evaluated the clear and unequivocal nature of such a waiver by "giving the [language of a] contract its plain, ordinary meaning."  *See, e.g.*, *Frankford Crossing Shopping Ctr. Dallas v. Pho Partners, LLC*, 942 F. Supp. 2d 366, 370 (W.D.N.Y. 2013) (citing *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009); *see also New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 548 (3d Cir. 2011)).  Moreover, such district courts have also concluded that, where the waiver is clear and unequivocal, "there is no reason to invalidate . . . [the] waiver . . . "  *See, e.g., Elliott Associates, L.P. v. Republic of Panama*, 96-CV-5295, 1996 WL 474173 at *2 (S.D.N.Y. Aug. 21, 1996).

Here, the waiver of the right of removal could not be more clear or unequivocal.  In the Security Agreement section of the Financing Agreement, the contract states, "DEBTOR FURTHER WAIVES ANY RIGHT TO REMOVE ANY STATE COURT ACTION TO FEDERAL COURT."  (Dkt. No. 10, Attach. 4, at 19 [capitalization in original].)  Furthermore, in the Personal Guaranty section of the financing agreement, the contract states, "GUARANTOR FURTHER WAIVES ANY RIGHT TO REMOVE ANY STATE ACTION TO FEDERAL COURT."  (*Id*. at 20 [capitalization in original].)  Finally, Defendants have adduced no

5

evidence to support a finding that either of these provisions (1) has been superseded by another agreement, or (2) should not be enforced for some other reason (e.g., unreasonableness, injustice, fraud, or overreaching, etc.).[1]

For all of these reasons, the Court finds that Plaintiff's motion should be granted.

### B.   Alternatively, the Forum Selection Clause Precludes Removal to Federal Court

Alternatively, the Court finds that, even if the explicit waiver of removal clause is insufficient on its own to preclude removal to federal court, the forum selection clause precludes such removal.

"Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal court." *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009). The *enforceability* of a contractual forum selection clause is governed by federal, not state law. *Jones v. Weibrecht*, 901 F.2d 17, 18-19 (2d Cir. 1990); *Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014). Further, the *interpretation* of such a clause may be governed by federal or state law, depending on the choice of the parties in their arguments. *Martinez*, 740 F.3d at 223. Here, the parties have chosen to rely on federal law (rather than state law) to interpret the clause in question.

---

[1] The Court acknowledges that, among their affirmative defenses, Defendants allege that "[o]n October 2, 2023, Plaintiff and Defendants reached a written settlement of this dispute which agreement replaced the prior loan agreement and which [Plaintiff] then repudiated on October 19, 2023." (Dkt. No. 6, at ¶ 1.) However, setting aside the fact that Defendants do not also allege that settlement agreement was devoid of a waiver of the right to remove an action to federal court, the fact remains that Defendants admit that the settlement agreement was repudiated before this action was removed to federal court (or even filed in state court. (*Id*.) Furthermore, Defendants' opposition memorandum of law is conspicuously missing any evidence (or even argument) that the above-referenced clauses in the Financing Agreement were superseded by another agreement. (*See generally* Dkt. No. 12.)

The Supreme Court has espoused that, in the commercial context, forum selection clauses should control absent a strong showing that they should be set aside. *See M/S Bremen v. Zapata Off-Shore Co.*, 470 U.S. 1, 15 (1972) ("[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."). In determining whether a forum selection clause is entitled to the presumption of enforceability, courts in this Circuit consider the following three factors: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause in mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so; and (3) whether the claims and parties in the suit are subject to the forum selection clause." *Martinez*, 740 F.3d at 217 (internal quotation marks and ellipses omitted; emphasis in original). "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). "A party can only overcome this presumption by . . . making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217.

With respect to the first factor, "it is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound." *Frankford Crossing Shopping Ctr. Dallas v. Pho Partners, LLC*, 942 F. Supp. 2d 366, 370 (W.D.N.Y. 2013). Here, Defendants do not aver that they never read or signed the contract. Indeed, Defendant Crimi signed each section of the Financing Agreement (i.e., the Security Agreement section and the Personal Guaranty section) in signature lines located directly beneath the clauses

7

in question (regardless of whether those clauses are characterized as "forum-selection clauses," "venue-selection clauses" or a combination of the two). Simply stated, there is no reason to believe that the clauses were not reasonably communicated to Defendants.

With respect to the second factor, a "permissive" clause is not entitled to a presumption of enforceability, whereas a mandatory clause is subject to that presumption. *Global Seafood, Inc. v. Bantry Bay Mussels, Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011). To determine whether a clause is mandatory or permissive, courts evaluate whether the language of the clause (1) "confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language." *Global Seafood, Inc.*, 659 F.3d at 225. "Forum selection clauses lacking any clear exclusionary or obligatory language – i.e., specific language of exclusion – are . . . permissive." *Id*. Courts in this Circuit have held that clauses explicitly giving one party sole discretion to select the forum are mandatory. *See, e.g., Koninklijke Philips Electronics v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 333-335 (S.D.N.Y. 2005).

Here, the language of the relevant clauses in both the Security Agreement section and the Personal Guaranty section contain exclusionary and obligatory language. More specifically, the clause in the Security Agreement section stipulates that "venue for any action hereunder *shall be the choice of the Creditor* [Plaintiff], and *shall be* limited to either Onondaga County, New York or Broward County, Florida, or, if the action involves or is brought against the Collateral, in a state court in the county where the Collateral is located . . . *unless the Creditor selects an alternate forum*." (Dkt. No. 10, Attach. 4, at 19 [emphasis added].) Furthermore, "Debtor [Defendant] further waives any right the Debtor may have to transfer or change the venue of any litigation brought against Debtor by Creditor, the right to interpose any defense based on Forum

Non Conveniens or Venue . . . " (*Id.*)  Given the obligatory language of the clause, the clause confers sole choice exclusively on Plaintiff.[2]

Regarding the clause in the Personal Guaranty section, the clause states that "venue for any action brought hereunder, shall be the choice of the Creditor, and shall be limited to either Onondaga County, New York or Broward County, Florida. Debtor agrees to submit to the personal jurisdiction of the appropriate State of New York or State of Florida Court for all such purposes." (*Id.*, at 20.)  This clause is likewise followed by an identical waiver of removal clause and a waiver of defenses based on *forum non conveniens* or venue. (*Id.*)  Again, this clause confers sole power of selection on Plaintiff, but even more specifically outlines that jurisdiction for such purposes will be held by the "State of New York or State of Florida Court for all such purposes." (*Id.*)  The Court would add only that, although the word "venue" is used in this clause and the word "forum" is absent from it, the clause's specification of jurisdiction and the courts in which the action will take place are "terms of sovereignty" rather than "terms of geography" as outlined in the inapposite case relied on by Defendants: *City of New York v. Pullman*, 477 F. Supp. 438, 443 (S.D.N.Y. 1979).

With respect to the third factor, the entire Financing Agreement was signed by Defendant Crimi, who signed the Security Agreement as the legal representative of Defendant Goldsol. The Guaranty section of the agreement, including the forum selection clause in the Guaranty, applied to her personally, regardless of whatever capacity she was acting in regarding Defendant Goldsol.  Furthermore, Defendants do not argue that the claims in the present case are covered

---

[2] In response to Defendants' argument that Plaintiff confuses venue and forum, the Court finds that, reasonably and fairly construed, the clauses in question regard both venue and forums, regardless of how Plaintiff characterizes them."

by the forum selection clause.

Because the clauses in question were communicated to the resisting party, have mandatory force and cover the claims and parties involved in this action, they are presumptively enforceable.   Furthermore, Defendants have not overcome this presumption because, as indicated earlier in this Decision and Order, they have neither made nor attempted to make a showing regarding any unjustness, fraud, or overreaching that would result from the enforcement of the forum selection clause.

For this alternative reason, the Court finds that Plaintiff's motion should be granted.

## C.     Plaintiff's Request for Costs/Expenses

In the last line of its memorandum of law in chief and reply memorandum of law, Plaintiff requests that the Court order Defendants "to pay the costs and expenses incurred by [Plaintiff] as a result of defendants' improper removal."   (Dkt. No. 10, Attach. 1, at 8; Dkt. No. 13, Attach. 1, at 9.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).   "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).   "District courts retain the discretion to depart from those rules in unusual circumstances, provided that 'a court's reasons for departing from the general rule should be faithful to the purposes of awarding fees under [Section] 1447(c).'" *Ford-Smith v. HMS Host Corp.*, 19-CV-0947, 2020 U.S. Dist. LEXIS 44867, at *16 (N.D.N.Y.

March 16, 2020) (Suddaby, C.J.) (quoting *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011)).   "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. . . ."   *Martin*, 546 U.S. at 140.   When considering the award of costs and attorney fees, court in this Circuit apply a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties."   *Frontier Ins. Co. v. MTN Owner Tr.*, 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000) (quoting *Morgan Guar. Tr. Co. of New York v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992)).

Here, even though the waiver of the right of removal was explicitly stated twice in the parties' Financing Agreement (suggesting there was no objectively reasonable basis for Defendants to remove the action this Court), Plaintiff did not quote that waiver in its memorandum of law-in chief, and indeed relied on it only as an alternative ground for remand.  Furthermore, Plaintiff does not support its request for costs and expenses with an affidavit or even further argument.   Under the circumstances, which include the relatively brief length of time this action has been proceeding in this Court, and the relatively brief length of the parties' motion papers, the Court finds that an award of costs and expenses would not be either necessary or appropriate.

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to New York State Supreme Court, Onondaga County.   The Clerk of this Court is directed to forward a certified copy of this Order to the Clerk of New York State Supreme Court, Onondaga County, and close this action.

Dated: July 18, 2024
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge